UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| HVT, INC. | |
|---|---|
| Plaintiff, | |
| v. | 19-cv-20707 |
| THE TOWNSHIP OF BLOOMFIELD, | OPINION |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter arises out of Defendant Township of Bloomfield's ("Defendant" or "Bloomfield") sale of a Honda vehicle ("Vehicle") without providing notice to Plaintiff, HVT, Inc. ("Plaintiff" or "HVT"), the lessor of the Vehicle. The matter comes before the Court on Plaintiff's motion for judgment on the pleadings, ECF No. 6 ("HVT Motion"), and Defendant's cross motion for summary judgment, ECF No. 7 ("Bloomfield Motion").[1] For the reasons set forth below, both motions are **DENIED**.

**I.    BACKGROUND**

The material facts of this case are simple. Plaintiff leased the Vehicle to a third party. On September 25, 2016, Bloomfield police towed the Vehicle. Kerney Cert. ¶ 3, ECF No. 7-1.[2] When nobody claimed the Vehicle—and after Bloomfield tried to contact potential owners—Defendant attempted to sell the Vehicle via auction. *Id.* ¶ 14. When that failed, Defendant transferred title to the Bloomfield Police Department on July 20, 2017, and sold the Vehicle to a local towing company, again without notifying HVT. *Id.* ¶¶ 16-17 & Ex. I.

HVT filed suit on November 25, 2019, alleging violations of their civil rights pursuant to 42 U.S.C. § 1983, specifically, deprivation of property by unreasonable seizure and without due process of law (Count One), violations of New Jersey's Constitution for the same reasons (Count Two), conversion under New Jersey common law (Count Four), and seeking declaratory relief (Count Three). Defendant answered on December 24. Answer, ECF No. 5.

On January 15, 2020, Plaintiff filed the present motion for judgment on the pleadings with respect to its procedural due process claim in Count One. Defendant responded by cross-

---

[1] Bloomfield submitted an amended brief, ECF No. 8, which the Court references throughout.

[2] The facts in Bloomfield Police Captain Vincent Kerney's declaration are not accepted as true but provide useful context for the dispute. Facts relevant to each motion, and the sources thereof, are discussed with the motions, below.

1

moving for summary judgment. *See* Bloomfield Motion. In reply, Plaintiff asserts that HVT is entitled to summary judgment, not Bloomfield. *See* HVT Reply, ECF No. 10.

## II.  STANDARD OF REVIEW

Plaintiff moves for partial judgment on the pleadings pursuant to FRCP 12(c). In reviewing such a motion, the Court asks whether "the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 226 F. Supp. 3d 320, 335 (D.N.J. 2016) (quoting *United States v. Blumenthal*, 315 F.2d 351, 352 (3d Cir. 1963)). The Court draws all reasonable inferences in the non-movants' favor. *See Allstate Prop. & Cas. Ins. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012) (citation omitted).

With respect to Defendant's cross motion for summary judgment, the Court asks whether Defendant has shown "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FRCP 56.

In reply, Plaintiff argues that the materials presented by Bloomfield's motion demonstrate that summary judgment is warranted in *Plaintiff's* favor, and invites the Court to grant summary judgment pursuant to FRCP 12(d). Under FRCP 12(d), if the court considers matters outside the pleadings on a FRCP 12(c) motion, it "must be treated as one for summary judgment under Rule 56." FRCP 12(d).

## III.  DISCUSSION

Plaintiff argues it is entitled to judgment as a matter of law on its procedural due process claim because Bloomfield admits it failed to notify HVT before selling the Vehicle and transferring title to a third party. Mot. at 6-7 (seeking adjudication "only of its procedural due process claims"). Bloomfield responds that not only should HVT's motion be denied, but Bloomfield is entitled to summary judgment because it made reasonable efforts to contact the Vehicle's owner before selling it. Plaintiff replies that Bloomfield's efforts to provide notice are irrelevant. Further, Plaintiff argues summary judgment is actually warranted in its favor, because even if Bloomfield succeeded in notifying HVT, the notice and hearing that *would have been* provided *would have been* inadequate.

HVT's final argument is easily discarded, as federal courts adjudicate actual cases and controversies, not hypothetical alternative scenarios. *See* U.S. Const. art. III, § 2; *Borough of Avalon v. United States Army Corps of Engineers*, 16-cv-8057, 2018 WL 4251840, at *3 (D.N.J. Sept. 5, 2018) ("Article III does not grant federal courts the power to adjudicate hypothetical future disputes").[3] The remaining points are discussed below.

---

[3] In any event, the notice Bloomfield sends instructs owners to contact the police department within five days to obtain a release. Kerney Cert., Ex. C. The Court cannot predict (or adjudicate the propriety of) what opportunity to be heard Bloomfield *would have* provided HVT had it contacted Bloomfield's police department, per the instructions.

2

## A.  Strict Liability and Relevance of Defendant's Efforts to Notify

Plaintiff argues that Bloomfield's efforts to notify the Vehicle's owners are irrelevant because municipalities are strictly liable for the constitutional torts caused by their policies. Reply at 16-21.  Plaintiff mixes the standard of culpability for municipal defendants with the question of whether a constitutional violation has taken place in the first place.

Plaintiff's position—that the reasonableness of Defendant's efforts to locate and notify the Vehicle's owners is irrelevant—would mean that extremely extensive, but ultimately unsuccessful, efforts to notify property owners would be irrelevant to a township's liability. That is not the law.  Generally, a municipality fails to provide procedural due process when it deprives someone of property without notice and an opportunity to be heard.  *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993).  But due process does not require *actual* notice, it requires a method of providing notice "that it is in itself reasonably certain to inform those affected."  *Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950)) (discussing equivalent Fifth Amendment Due Process Clause).  Thus, a municipality satisfies the Due Process Clause when the procedure for providing notice satisfies that standard.  *Id.*

Accordingly, Defendant is not "strictly liable" because it admits to never notifying HVT of the Vehicle's pending sale.  *See id.* (noting cases did not require actual notice).  The reasonableness of Bloomfield's notice procedure determines if liability attaches.

## B.  Reasonableness of Notification Efforts

At the current stage, the Court cannot grant judgment in either party's favor because it cannot say—as a matter of law—whether Bloomfield's notice provisions were "reasonably certain to inform those affected" by the Vehicle's pending sale.  *Id.*

### 1.  *Plaintiff's Motion for Judgment on the Pleadings*

With respect to Plaintiff's motion for judgment on the pleadings, the Court must accept Defendant's assertions of fact and reach all reasonable inferences in Defendant's favor.  *See supra* Part II.  Defendant admits it did not provide notice to HVT but asserts it "had no notice of [HVT]'s alleged interest in the [V]ehicle."  Answer ¶¶ 11, 21.  Defendant also denies, *inter alia*, it (1) failed to provide constitutionally adequate notice and (2) lacks a procedure for affording owners of seized vehicles opportunities to be heard.  *Id.* ¶¶ 8, 13, 15, 22, 30-34.

Defendant's allegations and denials require the Court to infer that Bloomfield has a procedure for notifying potential owners of seized property before the property is disposed of.  *See id.* ¶¶ 8, 11, 13, 21 (denying, *inter alia*, that Bloomfield has no procedure for affording owners of seized vehicles an opportunity to be heard).  Based on the pleadings and applicable standard of review, the Court cannot conclude that procedure was inadequate as a matter of law.  *supra* Part II (requiring reasonable inferences in Defendant's favor); *Dusenbery*, 534 U.S. at 170 (requiring method of providing notice "that it is in itself *reasonably certain* to inform those affected." (emphasis added)).  Accordingly, Plaintiff's motion for judgment on the pleadings, ECF No. 6, is **DENIED**.

## 2. Cross Motions for Summary Judgment

Defendant argues it sufficiently attempted to notify those with an ownership interest in the Vehicle before its sale. In support, Defendant submits a certification from Bloomfield Police Captain Vincent Kerney. Kerney Cert. ¶ 1.[4] Captain Kerney outlines the procedure Bloomfield applied in attempting to locate the owners of the Vehicle, including: (1) running the vehicle through the "Info-Cop Program" and (2) referencing the National Crime Information Center ("NCIC") database, which is (according to Kerney) "the only system that . . . Bloomfield can use to determine who owns the [V]ehicle and whether or not there are any lienholders." *Id.* ¶¶ 7-8. That said, Bloomfield also checked the National Insurance Crime Bureau ("NICB") records. *Id.* ¶ 9. Defendant argues it is entitled to judgment because "Bloomfield was reasonable in its efforts to locate the owner." Bloomfield Mot. at 10.

Bloomfield's Motion must be denied. First, Defendant failed to submit a separate statement of material facts. Failure to do so requires denial under the local rules. *See* L.R. 56.1(a) ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute *shall* be dismissed. . . . Each statement of material facts shall be a *separate document* (not part of a brief)." (emphasis added)). Second, the motion lacks merit. In reply, Plaintiff points out that Defendant did not check the National Motor Vehicle Title Information System ("NMVTIS") or out-of-state DMVs. Reply at 4-5. HVT argues that the NCIC and NICB databases only provide information on vehicles involved in crimes, but NMVTIS provides entities "with instant and reliable access to information maintained by the States related to automobile titling." *Id.* (quoting 49 U.S.C. § 30502(a)).

Accordingly, there is a material dispute as to whether Bloomfield's search was adequate. *See Dusenbery*, 534 U.S. at 170 (requiring method "reasonably certain to inform those affected"). Captain Kerney avers that Bloomfield searched the only available databases, which revealed no information regarding HVT's ownership interest. *See* Kerney Cert. HVT responds that the databases referenced were inadequate, and Bloomfield should have used the NMVTIS. *See* Reply at 4-6; Dustin Cert., ECF No. 10-2 (attaching information on databases). Given that the adequacy of Bloomfield's search depends on resolving this dispute, which turns on questions of fact, Defendant's motion for summary judgment, ECF No. 7, is **DENIED**. *See Philly Auto, Inc. v. City of Philadelphia*, 362 F. Supp. 3d 272, 279 (E.D. Pa. 2019) (denying summary judgment because reasonableness of decision depended on credibility of witnesses and contradictory facts). There may be legitimate reasons why Bloomfield did not search NMVTIS. There may not. That question cannot be answered before discovery and, perhaps, a trial. Plaintiff's cross request for summary judgment on the basis of Bloomfield's insufficient search, ECF No. 10, is **DENIED** for the same reasons. Further, the request was made for the first time on reply, also requiring denial.

---

[4] The Court cites from Kerney's Certification because the facts utilized in Plaintiff's brief deviate significantly from the evidence on which they purportedly rely. Perhaps most egregiously, Defendant's brief references receiving information from the *New York* DMV. See Bloomfield. Mot. at 11. However, Defendant fails to cite any evidence that it contacted any *New York* agency.

### C. Laches Defense

Defendant also moves for summary judgment on the basis of their laches defense. Defendant bears the burden of proof on the defense. *See Minnesota Mining & Mfg. Co. v. Berwick Indus., Inc.*, 532 F.2d 330, 334 (3d Cir. 1976). Thus, for the Court to grant summary judgment in Defendant's favor, Bloomfield would have to "present evidence of such quality that no reasonable juror could conclude that" Bloomfield is not entitled to the defense. *Hill v. City of Scranton*, 411 F.3d 118, 127 (3d Cir. 2005). Two elements must be proven: (1) "inexcusable delay in instituting suit," that (2) resulted in prejudice to the defendant. *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000).

Defendant fails to meet its burden on the first element. Bloomfield's failure to comply with FRCP 56's requirements is especially stark here. Rather than support a set of facts on showing inexcusable delay, Defendant argues—without any citation—that between September 2016, and January 2018, "Plaintiff took absolutely no action with respect to the [V]ehicle until after [it] was sold to the present owner." Bloomfield Mot. at 8.

In reply, Plaintiff submits a certification from Amanda Damrath, Asset Recovery Team Lead at Honda Finance Corporation ("Honda"), which is related to HVT. Damrath Cert. ¶ 1. Ms. Damrath lays out Honda's attempts to recover the Vehicle, including: (1) calls to the lessor since the day he went into default in October 2015, (2) repossession efforts since December 2015, including skip tracing and searching the lessee's last known address (3) continuing the above efforts "for years" until (4) July 2018, when Honda attempted to repossess the Vehicle, only to learn it had been sold to a third party. *Id.* ¶¶ 5-7. Thus, there is evidence that Plaintiff actively attempted to locate the Vehicle "for years" before eventually finding it and promptly filing this suit. *Id.* Accordingly, Defendant is not entitled to the laches defense at this juncture. *See One Toshiba Color Television*, 213 F.3d at 157 (requiring inexcusable delay). Defendant's motion for summary judgment, ECF No. 7, is **DENIED**.

### D. Dismissing Remaining Defenses

In its original brief, Plaintiff argues Bloomfield's affirmative defenses are no barrier to judgment on its procedural due process claim. HVT Mot. at 13-21. Other than with respect to laches and acting reasonably, Defendant did not counter that specific argument. In its reply, Plaintiff expanded its request. HVT argues "the Court may enter judgment on the pleadings dismissing Bloomfield's" various defenses because (1) they are inapplicable to Plaintiff's claims and (2) Defendant failed to mention them in its opposition. Reply at 9-10.

Plaintiff is partially correct. Many of Bloomfield's defenses are inapplicable to HVT's *procedural due process claim*, which explains why Defendant did not address them in its opposition to HVT's motion. *See* HVT Mot. at 6-7 (seeking adjudication "only of its procedural due process claims"). However, Plaintiff's Complaint includes additional federal and state constitutional claims, as well as a claim for common law conversion. *See* Compl. The Court has not had occasion to address whether the defenses are potentially applicable to those claims, which were not addressed in Plaintiff's original motion. *See* Mot. at 6-7.

In any event, Plaintiff has not satisfied the standard for precluding defendants from raising affirmative defenses this early in the case. *See EEOC v. United Galaxy, Inc.*, No.

2:10-CV-4987 DMC JAD, 2011 WL 1042769, at *2 (D.N.J. Mar. 17, 2011) (insufficiency of defense must be "clearly apparent" and describing such motions as "not favored" and "typically denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." (cleaned up)).  Plaintiff has not shown how allowing the relatively boilerplate defenses to remain part of the Answer will cause prejudice or confuse issues.  *See id.*  Accordingly, Plaintiff's request for judgment on Defendant's affirmative defenses is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff HVT's motion for judgment on the pleadings, ECF No. 6, and Defendant Bloomfield's cross motion for summary judgment, ECF No. 7, are both **DENIED**.  The requests for summary judgment contained in Plaintiff's Reply, ECF No. 10, are likewise **DENIED**.  An appropriate order follows.

 

[Digital Signature on Approval]

**Date: April [__], 2020**            **WILLIAM J. MARTINI, U.S.D.J.**